UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUSMANE BAH,

Petitioner,

-against-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT and MARKWAYNE MULLIN,

Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/1/26_____

1:26-cv-5550 (MKV)

<u>TRANSFER ORDER</u>

MARY KAY VYSKOCIL, United States District Judge:

On June 30, 2026, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE") [ECF No. 1 (the "Petition" or "Pet.")].  Petitioner asserts that, in December 2023, he "entered the United States at Lukeville, Arizona" and "gave himself to Border Patrol." Pet at 19.  Thereafter, Petitioner "was arrested on November 25, 2025 at 26 Federal Plaza, NY . . . and was transferred the same day [to] Delaney Hall, NJ." *Id.* at 20.  More than six months before he filed the Petition, on June 30, 2026, "Petitioner was transferred to Louisiana, Pine Prairie ICE Processing Center on December 15, 2025." *Id.* at 22.  In the Petition, he lists as his "[p]lace of confinement" the "PINE PRAIRIE ICE PROCESSING CENTER" in Pine Prairie, Louisiana. *Id.* at 1 (emphasis in original).

The plain language of Section 2241 provides that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).  As the Supreme Court has explained, this language "require[s]" that the district court issuing the writ have jurisdiction over the petitioner's immediate custodian. *Id.*  Specifically, by statute, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]" when the petition is filed. *Id.* at 434 (quoting 28 U.S.C. § 2242 and

citing 28 U.S.C. § 2243).  Thus, "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"  *Id.* at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)); *see Khalil v. Joyce*, 771 F. Supp. 3d 268, 281 (S.D.N.Y. 2025).

Here, according to Petitioner, his "[p]lace of confinement" is Pine Prairie, Louisiana.  *See* Pet. at 1.  This Court therefore lacks jurisdiction to grant the relief Petitioner seeks.  *See Padilla*, 542 U.S. at 442; *Khalil*, 771 F. Supp. 3d at 291.  Accordingly, IT IS HEREBY ORDERED that this case is transferred to the Western District of Louisiana.

The Clerk of Court respectfully is requested to transfer this case to the United States District Court for the Western District of Louisiana.  In light of Petitioner's request for immediate relief, the Clerk of Court is requested to transfer this case immediately, without regard for Local Civil Rule 83.1, which provides that "the Clerk [of Court], unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court."  The Clerk of Court is further requested to mail a copy of this Order to Petitioner, at the address he provided, and to close this case on this Court's docket.

**SO ORDERED.**

**Date:  July 1, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**